## INTERNATIONAL–GREAT NORTHERN R. CO. v. DANIEL. (No. 283.)

(Court of Civil Appeals of Texas. Waco. Feb. 25, 1926.)

Railroads ⬠194(6)—Suit for breach of agreement to employ injured employee for life, as settlement, held not suit for "personal injuries" rendering successor of railroad liable (Rev. St. 1911, arts. 6624, 6625).

Where railroad company compromised claim for injuries by agreement for certain cash settlement and to employ claimant for remainder of life, suit for breach of that agreement *held* not suit for personal injuries within Rev. St. 1911, arts. 6624, 6625, so as to render successor of railroad making compromise liable.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by Elijah Daniel against the International-Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

S. B. Dabney and Andrews, Streetman, Logue & Mobley, all of Houston, and Taylor & Atkinson, of Waco, for appellant.

Tom Hamilton and J. A. Kibler, both of Waco, for appellee.

STANFORD, J. In our statement and opinion herein, we will refer to the International & Great Northern Railroad Company as the first corporation, to the International & Great Northern Railway Company as the second corporation, and to the International-Great Northern Railroad Company as the third corporation, or appellant.

In 1908, the properties of the first corporation were, by order of the United States Circuit Court, taken in possession, and T. J. Freeman was appointed receiver of said properties, and continued to operate same as receiver, until said properties were sold under a decree of foreclosure by said court, at which sale, about September 16, 1911, the second corporation, having been chartered under article 6625 of the Revised Statutes of Texas, for such purpose, became the purchaser, and thereafter the second corporation continued to operate all of said properties until August 10, 1914, when, upon suit by certain trust companies against said second corporation, No. 49 in equity in the United States District Court, the properties of said second corporation were taken possession of by said court and placed in the hands of receivers and operated by said court through a receiver until December 1, 1922, when the properties were turned over to the appellant, the third corporation, by virtue of a foreclosure and sale in said equity suit No. 49 above referred to. The third corporation, appellant, was organized in 1922 under article 6625, Revised Statutes, for the purpose of acquiring said properties, franchise, and charter of said old company, and continued to operate under the old charter, issued to the second corporation in 1911.

Appellee, on September 4, 1911, while in the service of T. J. Freeman, receiver of the first corporation, suffered an injury resulting in the loss of his leg. On September 16th, 12 days thereafter, said properties were purchased at foreclosure sale and taken over by the second corporation, as above stated. Said second corporation entered into a settlement agreement with appellee December 1, 1911, by which said corporation paid him $1,650, and procured from him a release, but appellee claims that, as a part of said settlement agreement, said corporation agreed to give him employment for life at such work as he was able to do, at the same wages he was receiving before the injury. Appellee did return to work for said second corporation and continued in said employment until November, 1915, at which time he was discharged, without any fault on his part. On May 30, 1916, appellee filed suit in the Seventy-Fourth district court against James A. Baker, receiver of the second corporation above referred to. This suit was dismissed on January 25, 1917, and refiled in the Fifty-Fourth district court on April 5, 1917, against the second corporation above referred to and James A. Baker, receiver of said corporation. The defendants filed their answer in said last-mentioned suit, and no further action was had in said cause until May 3, 1922, when plaintiff filed his first amended original petition against both the second cor-

poration and James A. Baker, receiver of same, pleading fully his injuries, the contract of settlement, the breach of said contract to give him employment, etc. On May 12, 1922, judgment was entered in favor of appellee for $1,000 against the second corporation, the International & Great Northern Railway Company, and in favor of James A. Baker, receiver. On November 12, 1924, appellee filed this suit against appellant, the International-Great Northern Railroad Company, based upon his judgment against the International & Great Northern Railway Company, pleading all the facts fully in respect to the receiverships of said railway properties, the rendition of his judgment, etc. The case was tried before the court without a jury, and the court entered judgment for appellee against appellant for $1,172.80.

### Opinion.

Under several assignments, appellant contends, in effect, that the trial court erred in rendering judgment for appellee, because the claim presented by appellee does not come within the purview of, and so is not protected by, article 6624 of our Revised Civil Statutes. In order to determine this question, we must first determine the character of the claim made the basis of this suit. Under the provisions of articles 6624 and 6625 of our Revised Statutes, as applied to the above facts, the same responsibility for the personal injury to appellee rested upon the International & Great Northern Railway Company, the second corporation, as had previously rested upon the International & Great Northern Railroad Company, or its receiver, T. J. Freeman. On December 1, 1911, while the railroad property was still owned and being operated by the International & Great Northern Railway Company, said company settled with appellee by paying him $1,650, and agreeing to give him employment for life at the same pay he had been receiving before his injury and at such work as he could do in his crippled condition. Appellee executed a release in due form at the time said settlement was made, fully releasing the International & Great Northern Railway Company from all further claims or demands of every nature arising out of said personal injury. On the breach of said contract to give appellee employment by the receiver of the International & Great Northern Railway Company, appellee could have brought suit to set aside said settlement agreement and the release executed in pursuance thereof, and to recover on his cause of action for personal injuries, offering of course to give credit for the $1,650 and other benefits received, and, if he had thus brought his suit and succeeded in setting aside said release, and recovered, his recovery would have been for personal injuries. But appellee's suit was not one to set aside said settlement agreement and release and to recover for personal injuries, but his said suit was one for damages for breach of the contract on the part of the company and its receiver to give him employment, and, this being true, we are inclined to think, as the matter is here presented by the record, such recovery was not a claim for personal injuries within the purview of article 6625 of our Revised Statutes.

We think this assignment should have been sustained, and accordingly now sustain same, and grant appellant's motion for rehearing, withdraw our former opinion, and reverse and remand said cause.